IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JESSE MCCUIN**                                                         **PETITIONER**

v.                                    **CIVIL NO. 1:24cv279-HSO-BWR**

**PEARL RIVER COUNTY and CITY
OF PICAYUNE**                                                   **RESPONDENTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

BEFORE THE COURT is *pro se* Petitioner Jesse McCuin's Petition [2] for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. McCuin is a federal pretrial detainee housed at the Stone County Regional Correctional Facility in Wiggins, Mississippi. McCuin asks the Court to dismiss his pending criminal case, *United States v. McCuin*, cause number 1:24cr38-TBM-BWR, which is also pending in this Court. The Court finds that this habeas case should be dismissed without prejudice.

### I. BACKGROUND

On April 23, 2024, McCuin was indicted in this Court on a charge of being a felon in possession of a firearm, *United States v. McCuin*, 1:24cr38-TBM-BWR (S.D. Miss. Apr. 23, 2024) (Indictment), and he is detained pending his trial, *United States v. McCuin*, 1:24cr38-TBM-BWR (S.D. Miss. Jul. 19, 2024) (Order of Detention). Trial is currently set for April 7, 2025. *United States v. McCuin*, 1:24cr38-TBM-BWR (S.D. Miss. Jan. 15, 2025) (Am. Tr. Order).

McCuin invokes § 2241, arguing that: (1) he is not charged with having

"infringed" on the rights of others; (2) he is not the person charged in the Indictment because he does not spell his name in all capital letters; (3) he is not a convicted felon; and (4) the United States lacks jurisdiction to charge him. Pet. [2] at 6. McCuin asks the Court to "[d]rop all charges [sic] and release [him] immediately." *Id.* at 7.

## II.  DISCUSSION

"[I]n the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be allowed in advance of trial." *Jones v. Perkins*, 245 U.S. 390, 391 (1918). A court should not grant pretrial habeas relief "where an adequate remedy available in the criminal proceeding has not been exhausted." *Stack v. Boyle*, 342 U.S. 1, 6 (1931).

For example, in *Fassler v. United States*, 858 F.2d 1016 (5th Cir. 1988), a federal pretrial detainee had been ordered to be detained pending trial. *Fassler v. United States*, 858 F.2d 1016, 1017 (5th Cir. 1988). Rather than appeal the detention order to the Fifth Circuit, Fassler filed a § 2241 habeas petition asserting that the detention order was faulty for various reasons and that there was no evidence he was guilty of the crime charged. *Id.* The Fifth Circuit held that habeas relief was "plainly not available," and that Fassler should have appealed the detention order itself under 18 U.S.C. § 3145 to address any perceived deficiencies. *Id.* at 1017-18. As for Fassler's claim of insufficient evidence, this issue was most

appropriately addressed through the regular criminal process, including a direct appeal of any subsequent conviction. *Id.* at 1019.

McCuin is a federal pretrial detainee who invokes habeas corpus to challenge the validity of the criminal case against him. McCuin's arguments all go to whether he is guilty of the crime charged or whether the United States has jurisdiction to bring the charge in the first place. As in *Fassler*, these claims can be adequately handled through the regular judicial process in McCuin's criminal case. *Id.; see also United States v. Bowler*, 62 F.3d 397, reported in full at 1995 WL 449713 (5th Cir. 1995) (holding lack of jurisdiction is not exceptional circumstance, because it can be litigated in the criminal case). Indeed, McCuin is represented by counsel in his criminal case, and trial is scheduled for approximately two months from now. His claims should therefore be dismissed without prejudice.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this case is **DISMISSED WITHOUT PREJUDICE**. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of February, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE